FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 3 0 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HORACIO LARRANGA LOPEZ

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x

**MEMORANDUM and ORDER**

08-454 (SLT)

**TOWNES, United States District Judge:**

*Pro se* petitioner Horacio Larranga Lopes ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. On June 20, 2006, pursuant to a plea agreement, Petitioner pleaded guilty to conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, before this Court. Petitioner's sentencing Guidelines Range was 121 to 151 months imprisonment and he was subject to a 120-month statutory minimum sentence. Under the terms of his plea agreement, Petitioner waived the right to file an appeal or otherwise challenge his conviction in the event that this Court imposed a sentence of 151 months or below. On April 16, 2007, the Court sentenced Petitioner to 124 months' imprisonment, five years' supervised release, and a $100 special assessment. Petitioner filed a notice of appeal, but the Second Circuit granted the Government's motion for summary affirmance of Petitioner's conviction on May 20, 2008.

Petitioner filed the instant petition on January 28, 2008, challenging the length on his sentence. Petitioner asserts that his attorney, Jeremy Schneider, provided ineffective assistance of counsel and he wishes his sentence to be reduced to 108-months. For the reasons set forth below, the petition is denied.

**DISCUSSION**

1

## I. Legal Standard

The Court will grant a petition for habeas corpus under 28 U.S.C. § 2255, only if (1) the Petitioner's sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *See Woodard v. United States*, No. 04 Civ. 9695, 2005 U.S. Dist. LEXIS 26802, at *6 (S.D.N.Y. Nov. 8, 2005) (citing *Johnson v. United States*, 313 F.3d 815, 817 (2d Cir. 2002)); *see also United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) ("[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Section 2255 further provides that, if any of these enumerated grounds is present, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

## II. Ineffective Assistance of Counsel[1]

Petitioner alleges that his second attorney during his criminal proceedings, Jeremy Schneider, provided ineffective assistance of counsel. Petitioner bases his claim on his reading of the indictment and discoverable materials. Pet. 5. According to Petitioner, his sentencing Guidelines range was 108 to 120 months and that "both parties agreed that [his sentence] would be . . . (108-Months) but because of the statutory minimu[m], it was elevated to (120 months)."

---

[1] As a threshold matter, the Government asserts that Petitioner has waived his right to appeal his sentence under the terms of his plea agreement. Accordingly, the Government contends that Petitioner has waived his right to bring this § 2255 petition. The Court need not reach this issue as Petitioner is not entitled to relief even if his waiver of appellate rights was unenforceable.

2

*Id.* He alleges that he accepted the plea agreement in order to receive the 108-month sentence. *Id.* He argues that his sentence was too harsh and asks the Court to impose a 108-month sentence. *Id.*

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's "performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner has not suggested how Mr. Schneider's performance was deficient. In this case, Petitioner was originally represented by Douglas Morris until the eve of trial. At that point, Petitioner decided to accept a plea agreement, but he also wrote a letter to the Court asking that Mr. Morris be relieved based on "irreconcilable differences." Plea Hr'g Tr. 6:6-11. The Court then appointed Mr. Schneider to represent Petitioner, allowed Petitioner to proceed with his plea allocution with Mr. Morris present, and accepted the plea only after Petitioner had an opportunity to consult with Mr. Schneider. After Petitioner and Mr. Schneider conferred, Mr. Schneider confirmed to the Court that Petitioner was "prepared to go forward with the finality of a guilty plea today, and he [was] prepared to go forward with the proceedings." *Id.* at 30:22-25. Mr. Schneider continued to represent Petitioner through his sentencing hearing on April 16, 2007. Mr. Schneider successfully argued that Petitioner should not be subject to a three-level supervisory enhancement and, thus, the Court reduced Petitioner's offense level from 34 to 31 and amended the Guidelines range from 168 to 210 months to 121 to 151 months. Sentencing Hr'g Tr. 3:4-11. During sentencing, Petitioner thanked Mr. Schneider for "having acted professionally and having worked arduously on my defense." *Id.* at 9:14-15.

Ultimately, the Court need not consider the first *Strickland* prong as Petitioner is unable to establish that Mr. Schneider's performance during his plea and sentencing "prejudiced" his

3

desire to receive the shorter 108-month sentence. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."); *see also Favia v. United States*, No. CV-01-6385, 2007 WL 2071861, at *5 (E.D.N.Y. July 17, 2007) (declining to address alleged deficiencies because petitioner could not satisfy the second prejudice prong of *Strickland*).

In this case, Petitioner pleaded guilty to conspiracy to distribute controlled substances, which carries a 120-month mandatory minimum sentence. *See* Plea Hr'g Tr. 21:19-22; *see also* 21 U.S.C. §§ 841, 846. Accordingly, by statute, the Court could not have sentenced Petitioner to 108 months or any term below 120 months. Moreover, Petitioner was aware of this mandatory minimum sentence prior to his guilty plea. During his plea allocution, Petitioner specifically acknowledged that he faced a minimum of 120-months imprisonment. *See* Plea Hr'g Tr. 21:19-24 ("The Court: Further, there is a minimum which must be imposed . . . the minimum is ten years, so your sentence could not be less than ten years. Do you understand that? The Defendant: Yes."). Thus, there is nothing that Mr. Schneider could have done to secure Petitioner's desired 108-month sentence. Consequently, Petitioner suffered no prejudice by any alleged deficiency in Mr. Schneider's performance and Petitioner's claim for ineffective assistance of counsel must fail. Here, simply disliking the length on one's sentence is no ground for habeas relief.

## CONCLUSION

For the reasons stated above, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: June 28, 2010
Brooklyn, New York